UNITED STATES DISTRICT COURT
Northern District of New York

In the matter of

Alexander Pagan

East Greenbush Police Department

Notice of Claim
42 USCA 1983
1:22-cv-969 (DNH/ML)

Please take NOTICE, Alexander Pagan the Petitioner herein does file a Notice of Claim in accordance with 42 USCA 1983 with sworn Affidavits and exhibits attached hereto forthwith.

Petitioner may recieve mail at 176 Aster Dr, New Hyde Park N.Y. 11040. And now moves this court for a Notice of Claim to be heard on 11/13/2022 or as soon thereafter as the Court deem just and proper;

Dated: 9/13/2022

Alexander Pagan
Petitioner - pro-se
176 Aster Dr
New Hyde Park N.Y. 11040

Table of Contents

A. PETITION For Leave to proceed in Forma Pauperis with Confidential Address,   3/1/2021
3 page Document

B. Motion to unseal Documents   3/1/2021
2 page document

C. Community Care Labratory result   10/9/2020.
2 page document

D. Notice of Claim   42 USCA 1983
1 page document

E. Affadavit in Support of 42 USCA 1983 Claim
11 page Document.

F. Affadavit of service of Notice of Claim, and supporting exhibits)
2 page Document.

Table of Law

28 U.S.C.A. §1654

242 Title 18

NY PL 265.01(1)

People v. Singleton, 127 misc 2d 735 (crim ct. New York 1985)

Ferguson v. City of New York #2630, 18951/01, 2010 N.Y. App. Div Lexis 4428 (1st Dept.)

People v. Davis, 36 NY2d 280; People v. Oden, 36 NY2d 382; People v. Russell, 34 NY2d 261; People v. Corrado, 22 NY2d 308, People v. Martinez 37 NY2d 662, People v. Allende 39 NY2d 474, People v. Green, 35 NY2d 193. People v. Cantor 36 NY2d 106, 111. Smith v. Wade 461 U.S. 30 S.Ct 1625, 75 L.Ed 2d 632 [1983]) Batista v. Weir, 340 F.2d 74 [3d Cir 1965] 42 USCA § 1988[b]

UNITED STATES DISTRICT COURT
Northern District of NEW YORK
In the matter of
Alexander Pagan

East Greenbush Police Department

Criminal No: 16-1068
Affadavit In Support of Notice of Claim

Be it known, on this 13 day of sep 2022. I Alexander Pagan do hereby being duly sworn deposes and states the following:

(1) I am the Petitioner in this 42 USCA 1983 Petition, attached and make this Affadavit in Support of.

(2) Jurisdiction
On June/22/2021 at 10:00 am a 50(h) hearing was heard via zoom (meeting ID: 969 7853 6727 Pass code: 67976l). Thomas K. Murphy Esq. for East Greenbush Police Department.

(3) Petitioner moving pro-se represented himself with witness Timothy Negron. Still pro-se Petitioner now submits claim after 50(h) Hearing compliance. (28 USCA §1654)

(4) A motion to Unseal case "Criminal No: 16-1068 was filed on 3/1/2021. Unsure as to status of said Motion so shall proceed as best as possible. Video evidence recieved by Public Defenders office includes a video that has a Walmart Security

block. Though it shows officer Lavin appraching Petitioner in utter silence. This after a segment fraction that has an annoyed Petitioner asking Walmart manager to leave him alone.

(5) After clip of this person posing as an Authoritive figure approaches plaintiff it skips to video portion of officer Bodily handling Petitioner. As officer for reasons still unknown forcibly dragged Petitioner from inside of the Public Domain of bus stop into the parking lot of the privately owned Walmart corporation. That an officer is dragging civilians in the Parking lot somehow did not warrant security checking to see what the officer was up to is confusing. Just as confusing as trying to figure out why Petitioner was dragged from bus stop.

(6) Petitioner requested unsealing of case to get the block removed from video among other things such as review why the officer felt the need to not only not identify himself. Yet observe why the stealthy attack on Petitioner where fellow officer entered fray in an illegal approach of Petitioner with nothing but evil intentions.

page #2 - Affadavit in support of 42 USCA 1983 claim.

armed with gloves and Tazer gun officer assailants from N.Y. State Police Department did knowingly and intelligently made the decision from squad car as officer Lavin emphatically stated under oath. "When I saw him with the hoody on I just knew I was taking him in."

(7) While some states might consider wearing a hooded sweater in 80 degree weather suspicious, Yet in instant case we are speaking of a record low in the area this took place. Thus the notion of a hooded sweater worn by Plaintiff being suspicious means that any person wearing a hooded sweatshirt that night, the coldest night recorded for 12/18/2005 in East Greenbush, A warning blue code had been issued this night. Thus anybody not wearing some form of protection on head area was in trouble of catching chill. Petitioner with a bald head decided a hooded sweater was mandatory. For the cold on bare skin of scalp is extra uncomfortable.

(8)" Rights protected in section 242 of Title 18 establish that the rights of constitution are not to be deprived a constituent without a valid reason." In fact Judge Ceseria dismissed this

page #3 Affadavit in Support of 42 USCA 1983 claim.

case. Deeming there was no probable cause for an approach by officers working under color of Law to approach Petitioner. Nor was there any proof of injury offered to substantiate Assault in Second Degree. No 911 call log was offered or any log that would explain these officers actions.

(9) Petitioner on way home from work was attacked in accordance with section 265.01 goes on to name "Electronic Stun" and Sap gloves as weapons. People v. Singleton, 127 misc 2d 735 (Crim ct. New York 1985.) the injuries suffered by Petitioner are life long permanent injuries. Loss of job and wages. With 51 days incarceration for no apparent reason destroyed any chances Petitioner had of living any life of normalcy like any other constituent is allowed.

(10) As ruled by court that there was no legal reason for officers approaching of petitioner. What followed was a series of pain filled memories of even family turning their backs on Petitioner. Causing rift in family that has yet to mend. Petitioner has since

page #4 Affadavit in Support of 42 USCA 1983 claim.

suffered grave injury, as well as loss of family life where Petitioner was an outcast. The loss of wages accumulated since Petitioner lost job that grossed pay $445.50 a week for the 7 years these injuries have kept the Petitioner off o work, without even adding for pay raise or bonuses. A rough estimate in loss wages is a gross pay of $162,092.00.

(11) Where officers arrived at scene in full dress uniform and squad car, The officers represented the Police Department with Tazer guns and sap gloves used in illegal setting. These officers were able to deprive and infringe upon the rights of Petitioner under color of law. The shame of going from Homeless shelter to homeless shelter, being forced to sleep in the streets due to shame of asking for help from family who turned their backs on me due to this action by officers. Petitioner is asking the maximum of 5 scale of 1 through 5 where petitioner had to relearn to walk even with limited ability due to injuries sustained severe nerve damage, and herniating

page #5 Affadavit in support of 42 USCA 1983 claim

discs in neck to the point of disability.

(12) Since then Petitioner has self rehabbed, the 7 long years it has taken to begin to reassemble a form of life has been a wretched experience my family has afterward tried to help by getting the Petitioner new teeth as his old set were completely smashed by sap gloves attack. Petitioner asks that lost wages and expenses be rewarded here.

(13) A punitive award is also requested here to deter future officers of such conduct that is wanton, reckless, or malicious. The use of sap gloves and stun gun machine as weapons on an innocent pedestrian because of a hooded sweat shirt in code Blue alert constitutes excessive force. Ferguson v. City of New York #2630. 189 51/01 2010 N.Y. App. Div. Lexis 4428 (1st dept)

(14) According to investigatory report officer Lavin, not only seems to have as senior officer on call at time of incident, Initiated an unlawful approach of Petitioner, Did forcibly attack (with cohort(s)) and remove Petitioner from his world into a world of chaos as he claimed injury thwarting attention

Page # 6 Affidavit in support of 42 USCA 1983 Claim

actions, illegal as taught in profession.

(15) For it is frequently rejected that the notion that behavior which is susceptible of innocent as well as culpable interpretation will constitute probable cause. (People v. Davis, 36 NY2d 280; People v. Oden, 36 NY2d 382; People v. Russell, 34 NY2d 261; People v. Corrado, 22 NY2d 308.) It is equally true that innocuous behavior alone will not generate a founded or Reasonable suspicion that a crime is at hand. (compare People v. Martinez, 37 NY2d 662, and People v. Allende 39 NY2d 474, with People v. Singletary, 35 NY2d 528, and People v. Green, 35 NY2d 193. Here it was agreed that encounter was supported by less then reasonable suspicion and consequently would not justify a stop involving actual or constructive restraint. For a pedestrian wearing a hooded sweatshirt out doors while area is under a Code Blue freeze alert does not even seem reasonable reason for these officers actions. People v. Cantor 36 NY2d 106, 111.

(16) After claiming injury although MRI of

Page #7 Affodavit in support of 42 USCA 1983 Claim

said officer was on Date of incident aftermath with negative results. This officer took his evil and malicious actions further. Taking an injury leave of absence this officer went on to not only party hard. He used this paid leave to get married and indulge in strenuous party activities that no person claiming injury as his could perform. After marriage and the festivities that followed officer finally returned to work though he was deemed fit for work without restriction, with an advice to not engage others in physical engagement that might cause a real injury.

(17) With no record of pre-incident account such as an actual 911 call log or anonymous informant inquiry, It is hard to say or determine if this officer went on duty that night in search of a victim in order to perform the dastardly confrontation that would enable the officer to seek paid leave before festivities. Or if this officer just decided to abuse state tax payers funds capitalizing on his already enacted misconduct by gaining all possible as

Petitioner lay crippled in county jail for 51 days facing trumped up accusations in order to satisfy evil motives here.

### IN CONCLUSION

(a) With loss of freedom, broken bones, stitches, and numerous contusions, nerve damage (extensive) along with Cervical Radiculopathy it wasn't until October/9/2020 Exhibit ( ) that the Radiculopathy which is excruciating pain from mere movement finally stopped registering on MRI scans of Petitioner, to only pain status which according to the Doctors is something that is life long and the Radiculopathy will continue to occur under inflammation.

(b) As of March 2022 Petitioner has finally began to work again, "Consumer Direct" is employer of Petitioner as a (PCA) Personal Care Assistant, a part time employee helping those who can't help themselves, making a difference in the lives of others. A public servant of a different kind as this Evil officer. The kind that actually helps others.

(c) The complaints with Chief of Police that some action be commenced against this officer go back

Page #9 Affadavit in Support of 42 USCA 1983 claim.

before this action commenced. Compensatory Damages requested are $162,092.00 in lost wages an extra $5,000.00 for illegal detainment of 51 days. Plus $86,000 for new set of teeth.

(d) For pain and suffering as well as mental anguish. With the embarrassment and rift in family that has yet to mend itself. For Petitioner has also lost the confidence, and Belief of all family and those beloved unto Petitioner before this incident occurred a level 5 registry is the least that should be rewarded.

(E) A punitive Damage similar to tort law is available under (Smith v. Wade 461 U.S. 30 S.Ct 1625, 75 L. Ed 2d 632 [1983]) if the jury finds these heinous actions of Defendant who for all intent and purposes could have targeted any Stranger to Defendant. Even a Politician. The record reflects the callous indifference of federally protected rights for his own self gain and evil purposes. The jury has the duty of assessing a punitive damage award that would suffice to send an example to all such law breakers under color of law, that

page #10 Affadavit in Support of 42 USCA 1983 claim

such behavior shall not be tolerated. (Basista v. Weir, 340 F.2d 74 [3d Cir 1965])

(F) The Civil Rights Attorney Fee Awards Act of 1976 (42 USCA § 1988[b]) allows for the award of reasonable attorney's fees to the prevailing party in cases brought under various federal civil rights laws, which Petitioner asks be granted here as well as any further relief as is deemed just and proper here. Thank You.

Alexander Pagan
Petitioner Pro-Se

Sworn to Before me this 13th day of September, 2022

_____
Notary Public

CASSANDRA A KROM
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KR6383142
Qualified in Albany County
My Commission Expires 11-13-2022

page #11 Affadavit in Support of 42 USCA 1983 claim

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK.

In the matter of
    Alexander Pagan

Criminal No: 16-1068
Affadavit of Service

East Greenbush Police Department

On the 13 day of Sep, 2022, I Alexander Pagan, being duly sworn deposes and states the following:

1) I am the Petition in the 42 USCA 1983 Claim herein submitted in the proceedings of case 16-1068.

2) I have served via united states postal service certified mail a true and accurate copy of Claim with affadavit in support and all annexed exhibits upon the following parties

1) U.S. District Court of New York
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway Albany N.Y. 12207

2) Elaine Rudzinski, Chief of Police
255 Colombia Turnpike
Rensselaer, NY 12144

3) David Gruenberg, Esq.
54 2nd Street
Troy N.Y. 12180

Alexander Pagan
Petitioner

Sworn to Before me
this 13th day of September 2022

Notary Public

CASSANDRA A KROM
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KR6383142
Qualified in Albany County
My Commission Expires 11-13-2022

Page #2 Affadavit of Service   42 USCA 1983 claim