UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALEXANDER PAGAN,

                    Plaintiff,

v.                                                1:22-CV-0969
                                                  (DNH/ML)

EAST GREENBUSH POLICE DEP'T,

                    Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

ALEXANDER PAGAN
  Plaintiff, *Pro Se*
176 Aster Drive
New Hyde Park, New York 11040

MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent a *pro se* complaint in the above captioned action together with (1) medical records in support of the Complaint, (2) a motion to unseal, (3) an application to proceed *in forma pauperis*, (4) a letter, and (5) a supplemental filing, filed by Alexander Pagan ("Plaintiff") to the Court for review.  (Dkt. Nos. 1, 2, 3, 4, 7, 8.)  For the reasons discussed below, I (1) deny Plaintiff's *in forma pauperis* application, (2) deny his motion to unseal, and (3) recommend that Plaintiff's Complaint be dismissed in its entirety with leave to amend.  (Dkt. Nos. 1, 3, 4.)

I.    **BACKGROUND**

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that on December 18, 2015, he was involved in a physical altercation with Officer Lavin[2] that occurred because Plaintiff was wearing a hooded sweater.  (*See generally* Dkt. No. 1.)  The Complaint appears to allege that Plaintiff was at a bus stop near a Walmart when Officer Lavin approached Plaintiff and "forcibly dragged [Plaintiff] from inside of the [p]ublic [d]omain of [the] bus stop into the parking lot of the privately owned Walmart Corporation" where "slap gloves and [a] stun gun [were used] as weapons" against him.  (Dkt. No. 1 at 5, 9.)  Plaintiff alleges that there was no record of a pre-incident account like a 911 call or informant inquiry.  (*Id*. at 11.)

Plaintiff alleges that the criminal charges against him—that presumably resulted from the physical altercation with Officer Lavin—were dismissed because there was no probable cause for the officers to approach him.  (*Id*. at 6-7.)  Before the charges were dismissed, Plaintiff alleges that he was incarcerated for fifty-one days, which caused him the loss of his job and wages, and negatively impacted his familial relationships.  (*Id*. at 7-8.)  Plaintiff alleges that he suffered permanent injuries as a result of the physical altercation including severe nerve damage, herniated discs in his neck, injuries that caused Plaintiff to have to re-learn how to walk, and

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]    It is unclear, based on the allegations contained in the Complaint, whether Officer Lavin is employed by the East Greenbush Police Department ("Defendant"), the New York State Police, or some other police department.  (Dkt. No. 1 at 5-6 [alleging that "armed with gloves and Tazer gun officer assailants from N.Y. State Police Department did knowingly and intelligently made the decision from squad car as Officer Lavin emphatically stated under oath 'When I saw him with the hoody on I just knew I was taking him in.'" [errors in original]].)

damage to Plaintiff's teeth.  (*Id*. at 8-9.)  In addition, the Complaint alleges that Plaintiff suffered

broken bones, stitches, numerous contusions, and cervical radiculopathy.  (*Id*. at 12.)

Plaintiff alleges that after the altercation on December 18, 2015, Officer Lavin took a

paid leave of absence where he "indulge[d] in strenuous party activities" and got married.  (*Id*. at

11.)

Although the Complaint lists 42 U.S.C. § 1983 as the sole basis for relief, based on the

allegations contained in the Complaint, it appears as though Plaintiff asserts the following two

claims: (1) a claim of excessive force in violation of the Fourth Amendment and 42 U.S.C. §

1983, and (2) a claim of false imprisonment in violation of the Fourth Amendment and 42 U.S.C.

§ 1983.  (*See generally* Dkt. No. 1.)  As relief, Plaintiff seeks compensatory damages (including,

*inter alia*, $162,092.00 in lost wages, $5,000.00 for "illegal detainment" lasting fifty-one days,

and $86,000.00 for new teeth), punitive damages, attorney's fees.  (*Id*.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.

28 U.S.C. § 1915(a)(1).[3]  Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed

IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to

proceed without prepaying the required filing fee.  28 U.S.C. § 1915(a)(1).

---

[3]    The language of that section is ambiguous because it suggests an intent to limit
availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the
commencement of an action without prepayment of fees "by a person who submits an affidavit
that includes a statement of all assets such prisoner possesses").  The courts have construed that
section, however, as making IFP status available to any litigant who can meet the governing
financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman
v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). The Court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

In support of an IFP application, 28 U.S.C. § 1915 requires that a plaintiff submit an affidavit reflecting his assets. 28 U.S.C. § 1915(a)(1).

Here, although Plaintiff's IFP application states that he has been unemployed since December 18, 2015 (Dkt. No. 4 at 1), his Complaint states that in March 2022, he began working as a personal care assistant (Dkt. No. 1 at 12). In addition, Plaintiff submitted a supplemental filing which appears to be a pay stub of Plaintiff's covering the period of November 19, 2022, to November 25, 2022, reflecting pay of $592.80, and indicating that as of December 2, 2022, Plaintiff had earned $17,393.13 total year to date from that employer. (Dkt. No. 8 at 1.) Based on this weekly pay, Plaintiff's annual earnings are approximately $30,825.60.

The United States Department of Health and Human Services publishes yearly Poverty Guidelines. Those guidelines reflect that, for 2022, the poverty threshold for a household of one[4] is $13,590. *See* United States Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited December 20, 2022).[5]

In this instance, I find that Plaintiff possesses sufficient funds to pay the $402.00 filing fee to commence an action without "foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. 339). Accordingly, I deny Plaintiff's motion to proceed in this case IFP.

If Plaintiff wishes to proceed with this action, he must comply with the filing fee requirements **within thirty (30) days** of the filing date of the assigned District Judge's Decision and Order regarding this Order and Report-Recommendation. Plaintiff is advised that his failure to timely comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

## III. LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 requires that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

---

[4]     The IFP application indicates that there are no other persons dependent on Plaintiff for support. (Dkt. No. 4 at 3.)

[5]     The Poverty Guidelines do not specify whether they measure income before or after taxes. This distinction is irrelevant in this case.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that — . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[6]

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *rev'd on other grounds*, 682 F. App'x 30. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the

---

[6]     To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

The statute of limitations for an action pursuant to 42 U.S.C. § 1983 accruing in New York is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). The statute of limitations begins to run on the date that the plaintiff's claims accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Federal law governs the accrual date. *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (a claim for equal protection accrues "when the plaintiff knew or should have known of the disparate treatment.").

That is so even if "the full extent of the injury is not then known or predictable." *Fahs Const. Group, Inc.*, 725 F.3d at 292.

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12, 2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)), *report and recommendation adopted by*, 2018 WL 2316681 (N.D.N.Y. May 22, 2018) (Suddaby, C.J.); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521, at *8-10 (N.D.N.Y. Aug. 7, 2017) (Dancks, M.J.) (same), *report and recommendation adopted by*, 2017 WL 5195230 (N.D.N.Y. Nov. 9, 2017) (Suddaby, C.J.); *Syfert v. City of Rome*, 15-CV-1149, 2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Kahn, J.) (same).

In *Wallace v. Kato*, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). "Following *Wallace*, several Courts have applied that same analysis for Fourth Amendment claims based on events occurring 'between an unlawful arrest and the institution of legal process.'" *Nussbaumer v. Nesbitt*, 11-CV-6331, 2011 WL 4828844, at *1 (W.D.N.Y. Oct. 7, 2011) (citing *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008); *see Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or unlawful searches accrue at the

time of (or termination of) the violation."); *Johnson v. Dossey*, 515 F.3d 778, 781-82 (7th Cir. 2008) (distinguishing between claims that accrue when a litigant first appears before a magistrate, controlled by *Wallace*, and claims that arise during the legal process (controlled by *Heck*)); *Mallard v. Potenza*, 94-CV-0223, 2007 WL 4198246, at *3 (E.D.N.Y. Nov. 21, 2007) (seeing no reason to distinguish between false arrest and search and seizure claims; "*Wallace* applies with equal force to a claim for an illegal search and seizure.")).

Here, the statute of limitations on Plaintiff's excessive force claim began to run on December 18, 2015, and expired on December 18, 2018. *See Schiff v. Stevens*, 15-CV-3598, 2017 WL 65432, at *7 (E.D.N.Y. Jan. 6, 2017) (holding that the three-year limitations period for an excessive force claim begins to run from the date that the alleged assault occurred). Plaintiff commenced this action on September 15, 2022, over three years after the statute of limitations expired. In addition, I find no basis in the Complaint to toll the limitations period. As a result, I recommend that Plaintiff's excessive force claim be dismissed as untimely.

With respect to Plaintiff's false imprisonment claim, I also find it to be untimely. Even assuming that the statute of limitations did not begin until February 7, 2016—fifty-one days after Plaintiff's incident with Officer Lavin, when he was released from incarceration—it would have expired on February 7, 2019. As set forth above, I find no basis in the Complaint to toll the limitations period. As a result, I recommend that Plaintiff's false imprisonment claim be dismissed as untimely.

In the alternative, I recommend that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted.

First, "[a]lthough a municipality is subject to suit pursuant to section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department does not have the

capacity to be sued as an entity separate from the municipality in which it is located." *White v. Syracuse Police Dep't*, 18-CV-1471, 2019 WL 981850, at *3 (N.D.N.Y. Jan. 7, 2019) (Peebles, M.J.) (citing *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (McAvoy, J.); *Turczyn ex rel. McGregor v. City of Utica*, 13-CV-1357, 2014 WL 6685476, at *2 (N.D.N.Y. Nov. 26, 2014) (Sharpe, J.); *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) ("Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence.  Therefore, municipal departments like the Department of Social Services are not amenable to suit and no claims lie directly against the Department.")), *report and recommendation adopted by*, 2019 WL 974824 (N.D.N.Y. Feb. 28, 2019) (Suddaby, C.J.)

Second, to the extent that the Court is inclined—for the sake of judicial efficiency—to substitute the Town of East Greenbush as a party, I still recommend dismissal of Plaintiff's claims for failure to state a claim upon which relief may be granted.

A municipality may only be named as a defendant in certain circumstances.  In *Monell*, the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983.  A municipality may not be held liable solely because it employs a tortfeasor.  *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).  Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury.  *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation.  *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).  Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to

"practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Municipal

liability may also be shown by establishing that a policymaking official ordered or ratified the

employees' actions either expressly or tacitly.

Finally, municipal liability can, under limited circumstances, be based upon a failure to

properly train the municipality's employees.  *Connick*, 563 U.S. at 51.  However, municipal

liability is most tenuous when a claim turns on the failure to train.  *Id.* (citing *Oklahoma City v.

Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is

"far more nebulous, and a good deal further removed from the constitutional violation, than was

the policy in Monell")).  To satisfy the statute, a municipality's failure to train its employees

must amount to "'deliberate indifference to the rights of persons with whom the [untrained

employees] come into contact.'" *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388

(1989)).

The Complaint here is devoid of factual allegations plausibly suggesting any action taken

by an employee of the Town of East Greenbush.  Even assuming *arguendo* that Officer Lavin

was an officer employed by the East Greenbush Police Department, there is no basis for

municipal liability alleged in the Complaint.  Plaintiff essentially complains of one discrete

incident, during which an officer—possibly employed by the East Greenbush Police

Department—allegedly did not act properly.  There is no indication that Plaintiff can assert a

policy or custom which would support municipal liability based on these facts.  In addition, none

of Plaintiff's allegations reflect a failure to train or "deliberate indifference" to the rights of

persons who would come into contact with Defendant.

As a result, I recommend that Plaintiff's claims against Defendant be dismissed at this

time.  *See Flagg v. NYS Division of Parole*, 19-CV-0886, 2019 WL 5002215, at *5 (N.D.N.Y.

Aug. 15, 2019) (Baxter, M.J.) (citing *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)) ("A single incident, particularly if it involved individuals below the policy-making level is insufficient to state a *Monell* claim."), *report and recommendation adopted by*, 2019 WL 4963112 (N.D.N.Y. Oct. 8, 2019) (McAvoy, J.).

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

---

[7]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

This Court has serious doubts about whether Plaintiff can amend to assert actionable claims against Defendant. "The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 213 (2007)). As a result, I recommend that Plaintiff be permitted to amend his Complaint.

If Plaintiff chooses to file an amended complaint, he should include arguments regarding the question of the statute of limitations and any arguments for tolling. If Plaintiff does not have any arguments that would support tolling the statute of limitations regarding the 2015 incident, he should not include them in his Complaint. Moreover, Plaintiff should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or

incorporate by reference any pleading or document previously filed with the Court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

## VI.    PLAINTIFF'S MOTION TO UNSEAL

Plaintiff also submitted a motion to unseal segments of a video.  (Dkt. No. 3.)  Plaintiff's motion is denied without prejudice.  First, it is unclear if Plaintiff is seeking a Court-issued subpoena to obtain material from third-party Walmart, or whether Plaintiff is seeking material that was sealed by the state court in Plaintiff's criminal case.  To the extent that Plaintiff is seeking documents sealed by the state court, his motion does not indicate whether he has sought those documents from the state court yet.  *See Cruz v. Kennedy*, 97-CV-4001, 1997 WL 839483, at *2 (S.D.N.Y. Dec. 19, 1997) ("Where [a] plaintiff in a federal civil rights action seeks files sealed by state court in the custody of the district attorney, federal courts have required [the] plaintiff to first apply to the state court to lift the order [to] subpoena [] the district attorney's office.").  Second, because I recommend dismissal at this time, there does not appear to be any basis or need for the video requested for discovery purposes.  Third, Plaintiff's motion appears to improperly suggest that it is on behalf of the United States.  For each of these reasons Plaintiff's motion to unseal is denied without prejudice to renew.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 4) is **DENIED**;[8] and it is further

---

[8]    To the extent that the Court does not adopt this Order and Report-Recommendation and Plaintiff's Complaint survives *sua sponte* review or Plaintiff wishes to file an amended complaint and proceed with this action, he must pay the $402.00 filing fee, within thirty (30) days from the date of the filing of Court's Decision and Order.  Failure to comply with this

**ORDERED** that Plaintiff's motion to unseal (Dkt. No. 3) is **DENIED without prejudice to renew**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because is untimely and fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: December 20 , 2022
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[9]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[10]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).