UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEXANDER PAGAN,

        Plaintiff,

        -v-                       1:22-CV-969

EAST GREENBUSH POLICE
DEPARTMENT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

ALEXANDER PAGAN
Plaintiff, Pro Se
176 Aster Drive
New Hyde Park, NY 11040

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On September 15, 2022, *pro se* plaintiff Alexander Pagan ("plaintiff") filed this action alleging that a police officer named Lavin violated his civil rights on December 18, 2015. Dkt. No. 1. Along with his complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 4. He also filed some medical records, Dkt. No. 2, and a request for the Court to unseal certain documents held by the Rensselaer County Clerk, Dkt. No. 3.

On December 20, 2022, U.S. Magistrate Judge Miroslav Lovric denied plaintiff's IFP Application and his motion to unseal certain documents. Dkt. No. 9. Judge Lovric further advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed. *Id*. As Judge Lovric explained, any civil rights claims arising from the 2015 incident with Officer Lavin appear to be time-barred. *Id*. Even so, out of an abundance of caution and in light of plaintiff's *pro se* status, Judge Lovric concluded that plaintiff should have an opportunity to amend. *Id*.

Plaintiff has not filed objections, and the time period in which to do so has expired. *See* Dkt. No. 9. Upon review for clear error, the R&R will be accepted in part and rejected in part. *See* FED. R. CIV. P. 72(b). Broadly construed, plaintiff's complaint asserts § 1983 claims for excessive force and false arrest or imprisonment. Dkt. No. 9. As Judge Lovric correctly noted, the statute of limitations for these civil rights claims is three years from the date of accrual. *Id*. As Judge Lovric also correctly explained, plaintiff's excessive force claim accrued on December 18, 2015, the date the alleged use of force occurred, and his false arrest or imprisonment claim accrued on February 7, 2016, when he was released from confinement. *Id*.

Because plaintiff did not file this action until September 15, 2022, both of these claims are time-barred by the three-year statute of limitations. To be sure, the general rule is to give a *pro se* litigant at least one chance to amend

their pleading. But as Judge Lovric noted, there are no facts alleged in plaintiff's complaint that would even hint at the possibility that tolling of either limitations period would be justified. In the absence of such an indication, permitting amendment is unlikely to be productive. Accordingly, leave to amend will be denied.

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED in part and REJECTED in part; and

2. Plaintiff's complaint is DISMISSED without leave to amend.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: January 9, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge